# Exhibit A

**Verification, Case Docket and Superior Court Documents**

VERIFICATION

STATE OF ARIZONA )
                 ) ss.
COUNTY OF MARICOPA )

I, Roger W. Hall, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.     I am the attorney for defendant the State of Arizona in the matter styled *Charlene Williams v. State of Arizona, et al.*, CV2021-010828, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Joseph Mikitish.

2.     On August 9, 2021, I filed a Notice of Removal under 28 U.S.C. § 1441(a) and 28 U.SC. § 1446 seeking to remove, *Charlene Williams v. State of Arizona, et al.*, CV2021-010828, to the United States District Court for the District of Arizona.

3.     In compliance with 28 U.S.C. § 1441(a), 28 U.S.C. § 1446 and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County *Charlene Williams v. State of Arizona, et al.*, CV2021-010828.

4.     Also attached is a true and accurate copy of the court docket in *Charlene Williams v. State of Arizona, et al.*, CV2021-010828.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 9th day of August, 2021.

_____
ROGER W. HALL

#96888732

 Docket

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2021-010828 | Judge: | Mikitish, Joseph |
| File Date: | 7/8/2021 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Charlene Williams | Plaintiff | Female | Holly Gieszl |
| State Of Arizona | Defendant | | Pro Per |
| Charles Ryan | Defendant | Male | Pro Per |
| Wesley McBride | Defendant | Male | Pro Per |
| Jason Munson | Defendant | Male | Pro Per |
| Larry Garner | Defendant | Male | Pro Per |
| Juli Roberts | Defendant | Female | Pro Per |
| Pima County Superior Court | Originating Court | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/8/2021 | LET - Letter | 7/9/2021 | Originating Court(8) |
| 7/8/2021 | REC - Receipt | 7/9/2021 | Originating Court(8) |
| 7/8/2021 | NOF - Notice Of Filing | 7/9/2021 | Originating Court(8) |
| NOTE: CHANGE OF VENUE FROM PIMA COUNTY SUPERIOR COURT | | | |
| 6/30/2021 | CER - Certificate | 7/9/2021 | Originating Court(8) |
| NOTE: OF PAPERS ON CHANGE OF VENUE | | | |
| 3/29/2021 | 990 - ME:ORIGINATING Jurisdiction ME | 7/9/2021 | Originating Court(8) |
| 3/25/2021 | NOT - Notice | 7/9/2021 | Originating Court(8) |
| NOTE: OF AGREEMENT TO TRANSFER CASE TO MARICOPA COUNTY | | | |
| 3/10/2021 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 3/9/2021 | PRA - Praecipe | 7/9/2021 | Originating Court(8) |
| 1/22/2021 | NOT - Notice | 7/9/2021 | Originating Court(8) |
| NOTE: DEFENDANT STATE OF ARIZONAS DEMAND FOR CHANGE OF VENUE PURSUANT TO ARS 12-822B | | | |
| 12/11/2020 | AMC - Amended Complaint | 7/9/2021 | Originating Court(8) |
| 11/16/2020 | NOT - Notice | 7/9/2021 | Originating Court(8) |
| NOTE: DISMISSAL CALENDAR | | | |
| 3/27/2020 | ODI - Order Of Dismissal | 7/9/2021 | Originating Court(8) |
| 3/16/2020 | AFS - Affidavit Of Service | 7/9/2021 | Originating Court(8) |
| 3/16/2020 | AFS - Affidavit Of Service | 7/9/2021 | Originating Court(8) |
| 3/16/2020 | AFS - Affidavit Of Service | 7/9/2021 | Originating Court(8) |
| 3/12/2020 | AFS - Affidavit Of Service | 7/9/2021 | Originating Court(8) |
| 3/12/2020 | AFS - Affidavit Of Service | 7/9/2021 | Originating Court(8) |
| 3/12/2020 | AAS - Affidavit Of Attempted Service | 7/9/2021 | Originating Court(8) |
| 3/10/2020 | PRA - Praecipe | 7/9/2021 | Originating Court(8) |
| 3/10/2020 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 2/18/2020 | NOT - Notice | 7/9/2021 | Originating Court(8) |
| NOTE: RE IMPENDING DISMISSAL | | | |
| 12/11/2019 | COM - Complaint | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | CER - Certificate | 7/9/2021 | Originating Court(8) |
| NOTE: RULE 102A FASTAR | | | |
| 12/11/2019 | CSH - Coversheet | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | SUM - Summons | 7/9/2021 | Originating Court(8) |
| 12/11/2019 | REC - Receipt | 7/9/2021 | Originating Court(8) |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

●                                              ●

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/11/2019 8:30:52 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

**THE GIESZL FIRM**
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel – 602-277-0772    Fax –
480-287-9589
holly@gieszlfirm.com

Holly R. Gieszl (#013845)
*Counsel for Plaintiff*

**IN THE SUPERIOR COURT OF ARIZONA**

**IN AND FOR PIMA COUNTY**

Charlene Williams, surviving mother of Travis
Watson, deceased;

      Plaintiff,

      v.

State of Arizona, a body politic; Charles Ryan;
COII Wesley McBride; Deputy Warden Jason
Munson, individually; Associate Deputy
Warden Larry Garner; Warden Juli Roberts;
John Does 1-10; Jane Does 1-10,

      Defendants.

**CV2021-010828**

Case No.: _____

**COMPLAINT**

**(Jury Trial Demanded)**

Plaintiff, for her complaint against the Defendants, alleges as follows:

## I.      THE PARTIES

1.      At the time of his death on December 12, 2018, Travis Watson ("Travis") was an inmate, No. 122363, in the custody of the Arizona Department of Corrections ("ADOC") and housed at ASPC Tucson, Rincon Unit in Tucson, Arizona.

2.      Travis was housed at Rincon in Unit 4, A-Run, Cell 5.

3.      Travis is survived by his mother, Charlene Williams, who was at the time of her son's death and currently is a resident of Tucson, Arizona.

*Left margin, rotated:* THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-1-

4.      Defendant State of Arizona is a governmental entity. The State of Arizona is named for claims made under state law pursuant to A.R.S. § 31-201.01. The ADOC is a non-jural department of the State of Arizona. Defendant Corizon is responsible for the gross negligence acts and of its employees when those employees act within the scope and course of their employment.

5.      On December 12, 2018, Charles Ryan was the Director of the ADOC.

6.      On December 12, 2018, Defendant COII Wesley McBride was a corrections officer with the ADOC who worked in the priosn unit and on the run where Travis died.

7.      On December 12, 2018, Defendant Jason Munson was a Deputy Warden at ASPC Tucson, Rincon Unit

8.      On December 12, 2018, Defendant Larry Garner was an Associate Deputy Warden at ASPC Tucson, Rincon Unit.

9.      Plaintiff brings this action under Arizona law as a wrongful death action pursuant to A.R.S. § 12-611 *et. seq.* against each of the defendants.  As more fully set forth below, Travis's death was caused by the wrongful acts, neglect or default of each and all of the above-named individuals for whom the State of Arizona is liable under A.R.S. §31-201.01(F).

**II.      JURISDICTION AND VENUE**

10.    This Court has jurisdiction over Plaintiff's claims.

11.    Venue is proper in the Pima County Superior Court.

12.    Plaintiff satisfied the notice of claim provisions of A.R.S. § 12-821.01 as to each defendant. The claim was denied.

)

)

-2-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

### III.   FACTS APPLICABLE TO ALL COUNTS

13. On December 12, 2018, Travis was housed at ASPC Tucson – Rincon, where he had been for some time.

14. Travis was a bright young man with a promising future. Travis and his mother were especially close and kept in close contact. Travis's father was deceased.

15. In a post-mortem conversation with the Plaintiff, Mrs. Williams, Defendant Munson related, "Your son had a good heart."

16. Travis became ill earlier in the day on December 12, 2018. He did not go to "rec" and remained in his cell other than for meals. By late afternoon, Travis had lapsed into such a deep "sleep" that he was, essentially, not arousable.

17. Defendant McBride came on duty at 6:00PM, and sometime after that he "walked" the run where Travis was housed. Defendant McBride noticed that Travis was not arousable and was annoyed. He told Travis's cellie and other inmates, "You guys btetter take care of this. I don't want this to happen on my watch." Defendant McBride then walked away and did not walk again on the run for hours.

18. About 9:00PM, Travis's cellie feared that Travis was dead or about to die. The "cellie" and other inmates tried to summon Defendant McBride by kicking and shaking their cell doors and yelling for help. They got no response.

19. It was not for some 30 minutes that McBride finally emerged from the "bubble" – the areas where officers work – and walked down Run A to check on the commotion. By this time, Travis appeared lifeless.

20. Officer McBride was working alone that night despite the fact that ADOC policy requires two officers on duty at all time.

)

)

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-3-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

21.     Officer McBride called an "ICS" and more time passed before two other officers and a nurse arrived.  The nurse had no resuscitation equipment.  More time passed before medical personnel arrived.

22.     Tucson Fire responded approximately one and one-half hours after Travise was found "down."   Indeed, the ambulance was delayed getting into the Rincon prison yard and, then, another delay for the ambulance to exit the prison yard.   Travis died despite the emergency personnel's resuscitation.  Jane Doe 1-10 and/.or John Dow 1-10 were responsible in part or whole for the delay in the ambulance gaining access to Travis.

23.     As imprisoned individuals, inmates are totally dependent on correctional staff and correctional policies, procedures, and guidelines for safety and intervention in the event of medical and other life-threatening emergencies.  Tragically, inmate deaths as the result of ADOC staff's slow response to emergencies are far too common with the ADOC.

24.     Due to inadequate policies and procedures, and correctional officers' gross negligence, inmates are found dead or too nearly dead to be resuscitated long after officers knew or should have known that the inmates needed assistance and faced a significant risk of death absent a proper response.

25.     The State of Arizona, its correctional officers, command staff, and administration know that ill inmates often languish in their cells and end up dying because officers working on the units ignore signs and symptoms of illness and indications of an impending medical emergency, including, for example, inability to arouse an inmate who is "sleeping." That is exactly what happened to Travis.  He was on the verge of unconsciousness when Defendant McBride made his first "walk" and, then, lapsed into unconsciousness in the hours that McBride failed to perform his required additional walks.  The consequence of the Officer McBride's gross negligence was Travis's wrongful death.

26.     McBride's conduct reflects other deeper problems within Rincon.  Due to staffing patterns by Defendants Ryan and the wardens at Rincon, and the lack of accountability by

-4-

individual correctional officers, inmates are not monitored with sufficient frequency for the officers to know what is happening among and to inmates. The result is a disaster waiting to happen for inmates who are ill.  Travis died as the result of indadequate staffing and inadequate monitoring of inmates whom officers recognize or should have recognized were ill and do nothing to address the impending calamity.

### COUNT ONE

**Negligence and Gross Negligence – Wrongful Death**

**(All Defendants**

27.     Plaintiff incorporates by reference all previous allegations.

28.     The individual Defendants and the State, through its employees, have a duty to exercise due care in the performance of their duties and responsibilities.

29.     On December 12, 2018, each of the Defendants named in this Complaint and the State,  through its employees acting within the course and scope of their employment, failed to use reasonable care and were grossly negligent with regard to Travis's medical contition, safety, and well-being, including but not limited to:

- violation of written policy that inmate activity be continually observed at all times;

- violation of written policy that security checks be conducted at specified intervals;

- violation of written policy regarding security checks by allowing hours to pass between security checks;

- violation of written policy that security checks be logged;

- violation of written policy that all employees be familiar and keep current with Department procedures;

- violation of written policy that multiple officers be present at all times on each run; and

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-5-

- failure to have in place policies and procedures to assure that outside emergency personnel responding to life-threatening ICS situations at Rincon had unfettered ingress and egress to provide inmates with life saving emergency care.

30. On December 12, 2018, Defendant McBride failed to use reasonable care and was grossly negligent with regard to Travis's safety and well-being, including but not limited to failing to obtain timely medical treatment for Travis when Defendant McBride first saw Travis at approximately 6:00PM.

31. Had each of the Defendants acted with due care, Travis would not have died.

32. As a direct and proximate result of Defendants' acts and omissions, Travis experienced profound pain and suffering and died.

33. As a direct and proximate result of the Defendants' acts and omissions, Charlene Williams suffered and will continue to suffer throughout her lifetime losses and damages including, but not limited to, loss of consortium, love, and companionship of Travis, and economic damages, including but not limited to the loss of support provided by Travis.

WHEREFORE, Plaintiff respectfully requests that this Court grant her judgment against the Defendants as follows:

     a. Fair and reasonable compensatory damages, including general, special, economic and non-economic damages;

     b. Costs incurred herein;

     c. Such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED on December 10, 2019.

**THE GIESZL FIRM**

By */s/Holly R. Gieszl*
Holly R. Gieszl
*Counsel for Plaintiff*

-6-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**THE GIESZL FIRM**
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

PERSON/ATTORNEY FILING: holly r gieszl
MAILING ADDRESS: 3200 N. Central Ave. Suite 1500
CITY, STATE, ZIP CODE: Phoenix, AZ 85012
PHONE NUMBER: (602) 277-0772
E-MAIL ADDRESS: holly@gieszlfirm.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 013845, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/11/2019 8:30:52 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Charlene Williams
Plaintiff(s),

V.

The State of Arizona, et al.
Defendant(s).

CASE NO: CV2021-010828

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b)

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: _____

holly r gieszl /s/ _____
SIGNATURE

● ●

**In the Superior Court of the State of Arizona**
**In and For the County of** Pima

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney holly r gieszl

Attorney Bar Number 013845, AZ

Plaintiff's Name(s): (List all)
Charlene Williams

_____

_____

FILED
Gary Harrison
CLERK, SUPERIOR COURT

12/11/2019 8:30:52 AM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

**CV2021-010828**

Plaintiff's Address:
3200 N. Central Ave. Suite 1500,

Phoenix AZ 85012

Telephone Number: (602) 277-0772

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) The State of Arizona, Wesley McBride, Jason

Munson, Larry Garner, Juli Roberts

(List additional defendants on page two and/or attach a separate sheet)

**NATURE OF ACTION**
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☒ Other (Specify) Wrongful Death

**MEDICAL MALPRACTICE:**
☐ Physician M.D.      ☐ Hospital
☐ Physician D.O       ☐ Other

**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
　　☐ Six to Nineteen Structures
　　☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title

AZTurboCourt.gov Form Set 84002038

● ●

☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights (Not General Stream Adjudication)
☐ Real Property
☐ Special Action against Lower Courts
   (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
   (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus

☐ Landlord Tenant Dispute- Other
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Verified Rule 45.2 Petition
☐ Other (Specify) _____

**RULE 26.2 DISCOVERY TIER OR AMOUNT PLEADED:**
(State the amount in controversy pleaded or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.)

☐ Amount Pleaded $_____          ☐ Tier 1          ☐ Tier 2          ☒ Tier 3

**EMERGENCY ORDER SOUGHT:**
☐ Temporary Restraining Order          ☐ Provisional Remedy          ☐ OSC          ☐ Election Challenge
☐ Employer Sanction          ☐ Other (Specify) _____

**COMMERCIAL COURT (Maricopa County Only)**
☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

June 7, 2018                          Page 2                          AOCCV10F-070118

Attachment Page __1__ (of __1__ )

To Civil Cover Sheet

**ATTORNEY INFORMATION:**
ATTORNEY FILING:
holly r gieszl
Bar Number: 013845, Issuing State: AZ
Law Firm: THE GIESZL FIRM
Address: 3200 N. Central Ave.
Suite 1500
Phoenix, AZ 85012
Telephone Number: (602) 277-0772
Email: holly@gieszlfirm.com


**ATTACHED DOCUMENTS LIST:**
Summons - Defendant #1
Summons - Defendant #2
Summons - Defendant #3
Summons - Defendant #4
Summons - Defendant #5
Complaint

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

Person/Attorney Filing: holly r gieszl
Mailing Address: 3200 N. Central Ave. Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

**CV 2021-010828**

Charlene Williams
Plaintiff(s),
v.
The State of Arizona, et al.
Defendant(s).

Case No.  C20196156

**SUMMONS**

HON. LESLIE MILLER

To: The State of Arizona

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZTurboCourt.gov Form Set 64002038

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/11/2019

Gary Harrison
Clerk of the Superior Court

By:    ALAN WALKER /s/
_____
          Deputy Clerk

2

Person/Attorney Filing: holly r gieszl
Mailing Address: 3200 N. Central Ave. Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

**CV2021-010828**

| | |
|---|---|
| Charlene Williams<br>Plaintiff(s),<br>v.<br>The State of Arizona, et al.<br>Defendant(s). | Case No.  C20196156<br><br>**SUMMONS**<br><br>HON. LESLIE MILLER |

To: Wesley McBride

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #4002038

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/11/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
_____
Deputy Clerk

AZTurboCourt.gov Form Set 84002038

2

Person/Attorney Filing: holly r gieszl
Mailing Address: 3200 N. Central Ave. Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Charlene Williams
Plaintiff(s),
v.
The State of Arizona, et al.
Defendant(s).

**CV2021-010828**

Case No.  C20196156

**SUMMONS**

HON. LESLIE MILLER

To: Jason Munson

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/11/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
              Deputy Clerk

Person/Attorney Filing: holly r gieszl
Mailing Address: 3200 N. Central Ave. Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA  **CV2021-010828**

Charlene Williams
Plaintiff(s),
v.                                        Case No.  C20196156
The State of Arizona, et al.
Defendant(s).                             **SUMMONS**

HON. LESLIE MILLER

To: Larry Garner

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/11/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
       Deputy Clerk

AZTurboCourt.gov Form Set #4002038

2

Person/Attorney Filing: holly r gieszl
Mailing Address: 3200 N. Central Ave. Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

Charlene Williams
Plaintiff(s),
v.
The State of Arizona, et al.
Defendant(s).

Case No. CV2021–010828
C20196156

**SUMMONS**

HON. LESLIE MILLER

To: Juli Roberts

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 12/11/2019

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
　　　　　　Deputy Clerk

 

 **Pima County Clerk of Superior Court**
*Tucson, Arizona* 

|  |  |
|---|---|
| Receipt Number: | 3177275 |

| | | | |
|---|---|---|---|
| Received for: | holly r gieszl | Date: | 12/11/2019 |
| Received from: | holly r gieszl | Case Number: | C20196156 |
| Amount Received: | $258.00 | Clerk Number: | 1.738 |

CV2021-010828

Caption: CHARLENE WILLIAMS VS. THE STATE OF ARIZONA ET AL.

Cash: $0.00          Check: $0.00          Charge: $0.00          ACH: $258.00

*Begin Financial Docket*

 Civil Complaint                    $258.00    PAID

*End Financial Docke*

Change Returned:   $0.00

Amount Refunded:   $0.00

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

CHARLENE WILLIAMS VS. THE STATE OF ARIZONA ET AL.

Case:    C20196156
Date:    2/14/2020

CV2021-010828

## NOTICE RE: IMPENDING DISMISSAL

It appearing that service of summons and complaint has not been made upon the defendant(s) listed below,

YOU ARE HEREBY NOTIFIED THAT the action will be dismissed without prejudice AS TO THE DEFENDANT(S) LISTED BELOW without further notice after 30 days from the date of this notice, unless good cause is shown why service was not made within the time limits established by Rule 4, Arizona Rules of Civil Procedure, and that additional time should be granted within which to accomplish service.

If you have reason to believe this notice has been issued in error please call **Case Management Services, Dismissal Desk, at 520-724-3551.**

BY:   Aundrea Montoya
      Case Management Services

| PLAINTIFF | **VS** | DEFENDANT |
|---|---|---|
| WILLIAMS, CHARLENE | | THE STATE OF ARIZONA |
| | | MCBRIDE, WESLEY |
| | | MUNSON, JASON |
| | | GARNER, LARRY |
| | | ROBERTS, JULI |

cc:   HOLLY R. GIESZL, ESQ.

Person/Attorney Filing: HOLLY R GIESZL
Mailing Address: 3200 N CENTRAL AVE STE 1500
City, State, Zip Code: PHOENIX, AZ 85012
Phone Number: (602) 277-0772
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ
Attorney E-Mail Address: holly@gieszlfirm.com

FILED
Gary Harrison
CLERK, SUPERIOR COURT

3/10/2020 3:44:55 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

CV2021-010828

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Case No. **C20196156**

## PRAECIPE

To The Clerk:

Please issue:

[X] Summons

Person/Attorney Filing: HOLLY R GIESZL
Mailing Address: 3200 N CENTRAL AVE STE 1500
City, State, Zip Code: PHOENIX, AZ 85012
Phone Number: (602) 277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

CV2021-010828

CHARLENE WILLIAMS
Plaintiff(s),
v.
WESLEY MCBRIDE, et al.
Defendant(s).

Case No.  C20196156

**SUMMONS**

HON. LESLIE MILLER

To: Charles Ryan

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
    Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZTurboCourt.gov Form Set 84464703

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 3/10/2020

Gary Harrison
Clerk of the Superior Court

By:    ALAN WALKER /s/
_____
          Deputy Clerk

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 MAR 12 PM 4:02

BY _____
MELISSA HEILMAN

| IAS#: | 83815-grd |
|---|---|
| Atty #: | Williams/State of AZ |

Court:      PIMA COUNTY SUPERIOR COURT
County:     PIMA
State:      ARIZONA
Case #:     C20196156

NON SERVICE
AFFIDAVIT

Plaintiff/Petitioner:         CHARLENE WILLIAMS
                              vs
Defendant/Respondent:         THE STATE OF ARIZONA, ET AL.

CV 2021-010828

Client:          The Gieszl Firm, Holly R. Gieszl, Esq.

Documents:        Summons; Complaint; Rule 102(a) Fastar Certificate; Civil Coversheet;
Date Received:    3/10/2020
Attempted Upon:   Jason Munson whose true name is Jason Monson

I attempted service at: 8442 N. Sunny Rock Ridge Dr., Tucson, AZ 85743 on 3/10/2020 at 5:30 p.m., I spoke with
Wesley McBride who stated that Jason Monson does not live here.

/s Bradley Skattum, PM422
Affiant authorized under A.R.C.P. 4 to serve
legal papers in the above matter

SUBSCRIBED AND SWORN to me this 10th day of March, 2020.

Notary Public:
My Commission Expires:

MELISSA ERRICO
Notary Public · Arizona
Pima County
Commission # 552213
My Comm. Expires Aug 25, 2022

| $16.00 | Attempt | |
|---|---|---|
| $0.00 | Mileage | BDS |
| $15.00 | OOC Handling | |
| $9.00 | Preparation of Affidavit/Notary | |
| $ 40.00 | Total | |

Integrity Attorney Services
P.O. Box 33123
Phoenix, Arizona. 85067-3123

**Integrity Attorney Services**
P.O. Box 33123
**Phoenix, Arizona 85067-3123**

| IAS#: | 83816-grd |
|---|---|
| Atty#:  Williams/State of AZ | |

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 MAR 12 PM 4: 02

*Melissa Hahn*

**IN THE SUPERIOR COURT OF THE STATE OF
ARIZONA IN AND FOR THE COUNTY OF MELISSA HEILMAN**

CHARLENE WILLIAMS,
  Plaintiff(s),

vs.

THE STATE OF ARIZONA, et al.,
  Defendant(s).

Case No. C20196156

**AFFIDAVIT OF
SERVICE OF PROCESS**

CV2021-010828

BRADLEY SKATTUM, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Pima County, Arizona. I received the following documents in this action:

SUMMONS; COMPLAINT; RULE 102(A) FASTAR CERTIFICATE; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/10/2020, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Pima County, Arizona.

Upon WESLEY MCBRIDE, personally, at 8442 N. Sunny Rock Ridge Dr., Tucson, Arizona 85743, on 3/10/2020 at 5:30 PM.  Description: Male, white, 35-40 years old, 6'1", 190 lbs, brown hair.

Bradley Skattum, PM422

SUBSCRIBED AND SWORN to me this 10th day of March, 2020.

Notary Public: *Melissa Errico*

My Commission Expires:

| $16.00 | Service(s) |
| $40.00 | Mileage (16)BDS |
| $35.00 | Rush Service |
| $45.00 | OOC Handling |
| $2.75 | Shipping (printing) - email |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 147.75** | **Total** |



MELISSA ERRICO
Notary Public - Arizona
Pima County
Commission # 452213
My Comm. Expires May 25, 2022

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 83815-grd |
|-------|-----------|
| Atty#:  Williams/State of AZ | |

FILED
GARY L. HARRISON
CLERK SUPERIOR COURT

20 MAR 12 PM 4: 02

*Melissa Heilman*

BY MELISSA HEILMAN

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS,
    Plaintiff(s),

vs.

THE STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. C20196156

AFFIDAVIT OF
SERVICE OF PROCESS

CV2021-010828

BRADLEY SKATTUM, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Pima County, Arizona. I received the following documents in this action:

SUMMONS; COMPLAINT; RULE 102(A) FASTAR CERTIFICATE; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/10/2020, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Pima County, Arizona.

Upon JASON MUNSON whose true name is JASON MONSON,  at 8027 N. Higgins Feather Dr., Tucson, Arizona 85734, on 3/10/2020 at 5:40 PM, by leaving one set of the above listed documents with Sonia Monson, wife, a person of suitable age and discretion, residing therein.  Description:  Female, white, 40 years old, 5'11", 180 lbs, brown hair.

Bradley Skattum, PM422

SUBSCRIBED AND SWORN to me this 10th day of March, 2020.

Notary Public:

My Commission Expires:

MELISSA ERRICO
Notary Public - Arizona
Pima County
Commission # 552213
My Comm. Expires Aug 28, 2022

| | |
|---|---|
| $16.00 | Service(s) |
| $17.50 | Mileage  (min)BDS |
| $35.00 | Rush Service |
| $15.00 | OOC Handling |
| $25.00 | Locate – BDS |
| $2.75 | Shipping (printing) - email |
| $9.00 | Preparation of Affidavit/Notary |
| $ 120.25 | Total |

**Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 83814-ds |
|---|---|
| Atty#: Williams/State of AZ | |

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

20 MAR 16  PM 4: 25

BY
MARK STALLARD

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS,
    Plaintiff(s),

vs.

THE STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. C20196156

AFFIDAVIT OF
SERVICE OF PROCESS

**CV2021-010828**

RYAN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; COMPLAINT; RULE 102(A) FASTAR CERTIFICATE; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/10/2020, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon WARDEN JULI ROBERTS, ARIZONA DEPARTMENT OF CORRECTIONS, at 1601 W. Jefferson St., Phoenix, Arizona 85007, on 3/11/2020 at 10:35 AM, by leaving one set of the above listed documents with Chelce Rodriguez, AA3 for Prison Ops, who stated she is authorized to accept. Juli Roberts was not available and was currently at a hearing. Ms. Rodriguez stated that she could accept on behalf of Lori Roberts.

Ryan Sotelo, MC-8550

SUBSCRIBED AND SWORN to me this 11th day of March, 2020.

Notary Public: _____
                        Amy Marie Dent
My Commission Expires:    February 20, 2024

AMY MARIE DENT
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 579037
MY COMMISSION EXPIRES
FEBRUARY 20, 2024

| | | |
|---|---|---|
| $16.00 | Service(s) | |
| $17.50 | Mileage (min)RS | |
| $3.00 | Copies (12) | |
| $9.00 | Preparation of Affidavit/Notary | |
| $ 45.50 | Total | |

**Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 83842-ds |
|---|---|
| Atty#:  Williams/State of Arizona | |

FILED
GARY L. HARRISON
CLERK SUPERIOR COURT

20 MAR 16  PM 4: 25

BY /s/ _____
DEPUTY
MARK STALLARD

IN THE SUPERIOR COURT OF THE STATE OF
ARIZONA IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS,
    Plaintiff(s),

vs.

STATE OF ARIZONA, et al,
    Defendant(s).

Case No. C20196156

AFFIDAVIT OF
SERVICE OF PROCESS

CV2021-010828

RYAN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; COMPLAINT; RULE 102(A) FASTAR CERTIFICATE; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/11/2020, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CHARLES RYAN,  at 1601 W. Jefferson St., Phoenix, Arizona 85007, on 3/11/2020 at 10:35 AM, by leaving one set of the above listed documents with Sarah Greener, AG Liaison, who stated she is authorized to accept.

_____
Ryan Sotelo, MC-8550

SUBSCRIBED AND SWORN to me this 11th day of March, 2020.

Notary Public: _____
                Amy Marie Dent
My Commission Expires:    February 20, 2024

| $16.00 | Service(s) |
|---|---|
| $17.50 | Mileage  (min)RS |
| $35.00 | Rush Service |
| $3.00 | Copies (12) |
| $9.00 | Preparation of Affidavit/Notary |
| $ 80.50 | Total |

AMY MARIE DENT
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 576537
MY COMMISSION EXPIRES
FEBRUARY 20, 2024

**Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 83813-ds |
| Atty#: Williams/State of AZ | |

FILED
GARY L. HARRISON
CLERK, SUPER OR COURT

20 MAR 16  PM 4: 25

BY _____
DEPUTY
MARK STALLARD

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS,
    Plaintiff(s),

vs.

THE STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. C20196156

**AFFIDAVIT OF**
**SERVICE OF PROCESS**

**CV 2021-010828**

ERIC SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; COMPLAINT; RULE 102(A) FASTAR CERTIFICATE; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/10/2020, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon STATE OF ARIZONA, BY SERVING THE STATE ATTORNEY GENERAL, at 2005 N. Central, Phoenix, Arizona 85004, on 3/10/2020 at 4:10 PM, by leaving one set of the above listed documents with Lisa Fischer, Lobby Receptionist, who stated she is authorized to accept.

_____
Eric Sotelo, MC-8125

SUBSCRIBED AND SWORN to me this 10th day of March, 2020.

Notary Public: _____
                Gail R Dammann
My Commission Expires:    August 24, 2022

**GAIL R. DAMMANN**
Notary Public, State of Arizona
Maricopa County
Commission # 549353
My Commission Expires
August 24, 2022

| $16.00 | Service(s) |
| $17.50 | Mileage (min)EMS |
| $35.00 | Rush Service |
| $3.00 | Copies (12) |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 80.50** | **Total** |

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA   MAR 27  AM 10: 26

IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS VS. THE STATE OF ARIZONA ET AL

**MARK STALLARD**

CASE:  C20196156

CV2021-010828

*********************************************************************************************************

ORDER OF DISMISSAL

Service of summons and complaint not having been made upon the defendant(s) listed below within 90 days after filing of the complaint and any extensions thereof,

IT IS HEREBY ORDERED that this action is dismissed without prejudice as to the defendant(s) listed below, pursuant to Rule 4(i) of the Arizona Rules of Civil Procedure.

ALL PREVIOUSLY DEFERRED FEES SHALL BE PAID IN FULL WITHIN _____ DAYS.

**Under the authority provided by
Administrative Order No. 2017-20**

JUDGE OF SUPERIOR COURT
Case Management Services

MAR 2 7 2020
DATE

*********************************************************************************************************

| PLAINTIFF | VS | DEFENDANT |
|-----------|-----|-----------|
| WILLIAMS, CHARLENE | | GARNER, LARRY |

cc: HOLLY R. GIESZL, ESQ.

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

CHARLENE WILLIAMS VS. THE STATE OF ARIZONA ET AL.

CASE:   C20196156
DATE:   11/13/2020

CV2021-010828

*************************************************************************************************************
DISMISSAL CALENDAR NOTICE

Please take notice that pursuant to Rule 38.1(d), Arizona Rules of Civil Procedure, this case has been placed on the Dismissal Calendar.  All unadjudicated claims and /or temporary orders will be dismissed without prejudice without further notice after 60 days unless:

(1) a Joint Report and a Proposed Scheduling Order under Rule 16(c) are filed with the court; or

(2) the court orders, for good cause shown, that the case be continued on the Dismissal Calendar for a specific time; or

(3) a Notice of Decision has been filed with the Clerk of the Court in a case assigned to arbitration; or

(4) a final judgment is entered.

If you have reason to believe this notice has been issued in error, please call **CASE MANAGEMENT SERVICES, DISMISSAL CALENDAR OFFICE, at 520-724-3551.**

BY:   Veronica Kinsel

Case Management Services

*************************************************************************************************************

| PLAINTIFF | VS | DEFENDANT |
|-----------|-----|-----------|
| WILLIAMS, CHARLENE | | THE STATE OF ARIZONA |
| | | MCBRIDE, WESLEY |
| | | MUNSON, JASON |
| | | ROBERTS, JULI |
| | | RYAN, CHARLES |

cc: HOLLY R. GIESZL, ESQ.

**THE GIESZL FIRM**
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel – 602-277-0772
Fax – 480-287-9589
holly@gieszlfirm.com

Holly R. Gieszl (#013845)
*Counsel for Plaintiff*

FILED
Gary Harrison
CLERK, SUPERIOR COURT
12/11/2020 11:19:16 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

## IN THE SUPERIOR COURT OF ARIZONA

## IN AND FOR PIMA COUNTY

| | |
|---|---|
| Charlene Williams, surviving mother of Travis Watson, deceased;<br>        Plaintiff,<br>v.<br><br>State of Arizona, a body politic; Charles Ryan; COII Wesley McBride; Deputy Warden Jason Munson;  Associate  Deputy  Warden  Larry Garner; John Does 1-10; Jane Does 1-10,<br>        Defendants. | Case No.: CV-2019-6156<br>**CV 2021-010828**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>**Tier 2 Damages** |

For her complaint against the Defendants, Plaintiff Charlene Williams ("Plaintiff" or "Ms. Williams") brings this action for the wrongful death of her only child and son, Travis Williams ("Travis") and alleges as follows:

### I.    JURISDICTION & VENUE

1.     The court has jurisdiction over Plaintiff's state brought under Arizona's wrongful death law and Plaintiff's federal law claims brought under 42 U.S.C. §1983 pursuant to Article 6, § 14 of the Arizona Constitution.

2.     As to her state law wrongful death claim, Plaintiff satisfied the provisions of A.R.S. §12-821.01 by timely serving a notice of claim. Pursuant to A.R.S. § 12-821.01(E), the claim is deemed denied because more than sixty days have elapsed without response by the defendants since the date of service.

3.      Venue is proper in this court pursuant to A.R.S. § 12-401 as the defendants are residents of Pima County, Arizona and the events underlying this lawsuit occurred in Maricopa County.

## THE CLAIMS AND PARTIES

4.      Plaintiff re-alleges and incorporates by reference the claims, facts and allegations in the paragraphs above as if fully set forth here.

5.      Ms. Williams is the mother and sole surviving statutory beneficiary of Travis Williams.

6.      At the time of his death, Travis was a 43-year-old, kind, bright man with a promising future. Travis's father was deceased; Travis and his mother were especially close and kept in regular contact. Travis suffered mental illness, including Depression and Substance Use Disorder, both recognized psychiatric diagnoses in the Diagnostic Statistical Manual (DSM-V). At the time of his death, Travis was confined at the Arizona States Prison Tucson - Rincon.

7.      Ms. Williams brings this action under Arizona law as a wrongful death action pursuant to A.R.S. §12-611 *et seq.* against each Defendants. But for each and all Defendant's wrongful acts and gross negligence, Travis would not have died. The gross negligence of each and all defendants was the legal and proximate cause of Travis' wrongful death.

8.      As provided by 42 U.S.C.§ 1983, Plaintiff brings the federal law claims against each of the individual Defendants under the eighth and fourteenth amendments to the United States Constitution for infringement on and deprivation  of Ms. Williams' constitutionally protected rights as the result of the death of Travis. The individual Defendants' conduct was the legal and proximate cause or the moving force that resulted in Travis' death and Ms. Williams losses and damages.

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-2-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

9.      At all times mentioned, Defendant Charles Ryan was an employee of the State of Arizona and the Director of the ADCRR. In such capacity, the Director was an agent and employee of the State with the authority and responsibility to establish policies, practices, customs, procedures, protocols, and training, including hiring and discharging employees. Defendant Ryan's actions or inactions constitute actions of the State. Defendant Ryan was the State's chief policy officer on correctional matters. The Director is named in both his official capacity and individual capacity in this Complaint.

10.     These individual Defendants engaged in wrongful conduct that allowed, caused, and/or contributed to cause Travis's wrongful death under Arizona law. Their actions and/or inactions constitute actions of the State and the Director. The State and the Director are vicariously and directly liable for the individual Defendants described in this Complaint.

11.     Pursuant to A.R.S. § 31-201.01(F), Defendant State of Arizona is a governmental entity against whom all actions in tort brought against employees of the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") run.   The Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") is a non-jural department of the State of Arizona.

12.     On December 12, 2018, Charles Ryan ("Defendant Ryan") was the Director of the ADCRR.  In this role, Defendant Ryan was the chief policy maker on corrections matters for the State of Arizona.  In this role, Defendant Ryan also had overall responsibility for all operations of the ARCRR as well as the establishment and approval of all policies, procedures, orders, customs, and practices in the ADCRR.

13.     On December 12, 2018, Defendant COII Wesley McBride ("Defendant McBride") was a corrections officer with the ADCRR who worked in the prison unit and on the

-3-

1  run where Travis died.  Defendant McBride left the employment of the ADCRR in October of

2  2019.

3  14.  On December 12, 2018, Defendant Jason Munson ("Defendant Munson") as a

4  Deputy Warden at ASPC Tucson, Rincon Unit.

5  15.  On December 12, 2018, Defendant Larry Garner ("Defendant Garner") was an

6  Associate Deputy Warden at ASPC Tucson, Rincon Unit.

7
8  16.  At all times relevant, each of the individuals defendants (Ryan, McBride, Munson,

9  and Garner) were acting under color of law and within the course and scope of their employment

10  as corrections officials and officers the ADCRR.

11  17.  Each of the individual defendants (Ryan, McBride, Munson and Gardner) is sued

12  in his individual and official capacity.

13  18.  Each of the John Doe and Jane Doe Defendants are yet unidentified individuals

14  who, along with the other individual defendants, were grossly negligent or deliberately

15  indifferent and who are liable for Plaintiff's damages.  Plaintiff will seek leave of court to amend

16  the First Amended Complaint to name these individuals once the identities, acts, omissions, roles

17
18  and responsibilities of such Defendants are learned through discovery.

19
**II.  FACTS APPLICABLE TO ALL COUNTS**

20
21  19.  Plaintiff re-alleges and incorporates by reference the claims, facts and allegations

22  in the paragraphs above as if fully set forth here.

23  20.  On December 12, 2018, Travis was housed at ASPC Tucson – Rincon where he

24  would die as the result of a drug overdose that was recognized, and deliberately ignored by

25  Defendant McBride.  Ms. Williams remembers a post-mortem conversation that she had with

26  Defendant Munson, who told her, "Your son had a good heart."

27

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-4-

21.     Ms. Williams last spoke to Travis shortly after 9:00AM on December 11, 2018, and he was tearful, depressed, sad, disheartened, and complaining of various physical illness symptoms.

22.     Travis' mental state worsened on December 11, 2018.  He did not go outside to "rec" and, instead, remained in his cell other than for two meals.  Mid to late afternoon, Travis apparently met another inmate ("Shawn") near the entry doorway to the run, and then Travis returned to his cell and went to bed.

23.     Shortly before 6:00PM, Travis had lapsed into such a deep "sleep" that his "cellie" reports that he was not arousable, sweating, and breathing heavily.

24.     Defendant McBride came on duty at 6:00PM, and sometime afterwards "walked" the run where Travis was housed.  Defendant McBride noticed that Travis was not arousable. Rather than being concerned, Defendant McBride was annoyed.  He asked what was going on and other inmates told him not to call an ICS (emergency situation) and to just let Travis sleep. Defendant McBride knew that many inmates, including Travis, used illegal drugs (trafficked by ADCRR staff, contract employees, and inmates).   In fact, Defendant McBride had recently written Travis a ticket related to drug use and, thus, was personally familiar with Travis' mental illness (substance use disorder).

25.     Absurdly, Defendant McBride told Travis' "cellie" and other inmates in the near-by cells, "You guys better take care of this.  I don't want this to happen on my watch."  Defendant McBride obviously knew that Travis was ill; the reference to "this" was to a drug overdose.

26.     Defendant McBride should have entered Travis's cell to check on his health condition.  Instead, Defendant McBride accommodated the other inmates, who wanted to avoid a drug-related ICS --- and the inevitable cell searches that follow.  Defendant McBride failed to

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-5-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

1   call an ICS despite seeing Travis dire situation and simply walked away, inexplicably leaving

2   Travis in the hands of his "cellie" and other inmates locked in adjacent cells.

3       27.    Defendant McBride's direction to the other inmates to handle the situation

4   relegated Travis to completely inadequate monitoring and care by individuals locked in cells.

5       28.    Travis' situation was obviously urgent and apparent even from outside the cell.

6   Had Defendant McBride entered Travis cell and physically checked him, Defendant McBride

7   would have known without a doubt that Travis was experiencing a drug overdose, that his life

8   hung in the balance, and that he needed emergency medical intervention as of that moment.

9

10       29.    Instead of properly investigating Travis' health status, Defendant McBride simply

11   walked away and did not make another security walk that evening.  He left Travis' very life in

12   the hands of inmates locked inside cells on.  Additionally, Defendant McBride was the only

13   officer in the run at Rincom on August 11, 2018.

14       30.    Travis was on the verge of unconsciousness when Defendant McBride saw him

15   at 6:00PM and chose to ignore Travis' ominous condition. From 6:00PM until about 9:00PM,

16   Travis' "cellie" grew increasingly concerned about Travis. But he also feared retribution from

17   Defendant McBride who had told the inmates to handle the situation.

18

19       31.    Defendant McBride did not walk again between 6:00PM and 9:00PM.

20       32.    By 9:00PM, Travis' "cellie" and another inmate friend of Travis' who was housed

21   in an adjacent cell, feared that Travis was dying. The "cellie" and other inmates on the run began

22   trying to summon Defendant McBride by kicking and shaking their cell doors and yelling for

23   help.  They got no response.

24

25

26

27

-6-

33.     It was not for some time (at least 15 minutes or more) that Defendant McBride finally emerged from the "bubble" – the area where officers work – and walked down Run A to check on the commotion. By this time, Travis appeared lifeless.

34.     Defendant McBride did not know basic emergency response to an inmate "down" and did not even know CPR. He called medical and an "ICS" and then waited ---- thus permitting more time to pass before two other officers (from another run) and a nurse arrived. The nurse had no resuscitation equipment. And, so, even more time passed before other medical personnel arrived.

35.     Due to delays in ADCRR's internal emergency response to Travis, Tucson Fire arrived approximately one and one-half hours after Travis was found "down." Indeed, the ambulance was delayed getting into the Rincon prison yard and, then, there was another delay for the ambulance to exit the prison yard. Over six hours after Defendant McBride saw Travis in grave condition, Travis finally arrived at the hospital and was pronounced dead. Post-mortem testing revealed that Travis passed away from a heroin overdose.

36.     In the incident investigation that followed Travis' death, Defendant McBride admitted that when he entered the cell, he assumed that Travis had "overdosed". Defendant' McBride's acknowledgement reflects his knowledge of the rampant drug used in Rincon and on A-Run in particular. In short Defendant McBride was not surprised to find Travis unconscious given the shape in which he saw seen him at 6:00PM.

37.     In the incident investigation that followed Travis' death, Defendant McBride admitted that he should not have listened to the other inmates and should have called an ICS.

38.     Mental Illness and substance use disorder are common among the ADCRR inmate population. In December of 2018, the month that Travis died, 78% of inmates entering ADCRR

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-7-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

1   had a "significant history" of substance abuse.  And a full 25% of inmates needed ongoing mental
2   health services. "Corrections at A Glance", December 2018. Corrections.az.gov.  Travis was one
3   of these inmates, but he never got the help that he needed.

4       39.     As imprisoned individuals, inmates are totally dependent on responsive
5   correctional staff and adequate correctional policies, procedures, and guidelines for safety and
6   intervention in the event of medical and other life-threatening emergencies.  Due to inadequate
7   policies and procedures, and correctional officers' gross negligence and deliberate indifference,
8   inmates are found dead or too nearly dead to be resuscitated long after officers knew or should
9
10  have known that the inmate faced a significant risk of death absent a proper response.

11      40.     Defendant McBride's conduct reflects other deeper problems within Rincon. Due
12  to staffing shortages imposed by Defendants Ryan and implemented by Defendants Munson, and
13  Gardner, and the lack of training and accountability by individual correctional officers, inmates
14  are not monitored with sufficient frequency for the officers to know what is happening among
15  and to inmates. The result is a disaster waiting to happen for inmates like Travis, who fall ill.
16

17                              **COUNT ONE**

18                          **STATE LAW CLAIM**
                **Gross Negligence – Wrongful Death Under A.R.S. § 12-611 *et seq*.**
19                    **(Defendants Ryan, Munson, and Gardner)**

20      41.     Plaintiff re-alleges and incorporates by reference the claims, facts and allegations
21  in the paragraphs above as if fully set forth here.

22      42.     Regarding inmate health emergencies, the individual Defendants (Ryan, Munson,
23  and Gardner) have a duty to assure:
24

25
26
27

                                -8-

a.   the existence and implementation of policies and procedures for correctional officers to adequately monitor and assess inmates, including those who appear to be ill, when the inmates are locked in their cells;

b.   proper training of correctional officers, including in rendering emergency aid in situations like the one that resulted in Travis' death;

c.   immediate availability of properly trained and equipped health care personnel on-site to immediately respond to life-threatening ICS situations and provide inmates with life-saving emergency care; and

d.   unfettered ingress and egress to the prison complex by outside emergency personnel responding to life-threatening ICS situations so the emergency responders can timely provide inmates with life-saving emergency care.

The individual Defendants failed to assure that any of the items in  Paragraph 43 (a) – (d).

43.    The individual Defendants were grossly negligent in training, supervising, and monitoring correctional officers like Defendant McBride to assure compliance with each of the following:

a.   that inmate activity be continually observed at all times;

b.   that security checks be conducted at specified intervals;

c.   that security checks be logged;

d.   that correctional officers be trained in CPR;

e.   that multiple officers be present at all times on each run; and

f.   that emergency medical services be immediately within the prison and for first responders attempting to enter and exit the prison.

-9-

44.     Defendant Ryan failed to assure compliance with departmental policies through operational audits and evaluations of agency performance at each prison, including ASPC-Tucson, Rincon, to insure that staff in each unit was both knowledgeable and compliant with department policies and proficient in the exercise of necessary core competencies to operate a safe prison and respond to life-threatening emergency situations such as that involving Travis.

45.     But for the gross negligence of the individual Defendants, Travis would not have died.  These Defendants' gross negligence was the proximate and legal cause of Travis' death.

## COUNT II

### FEDERAL LAW CLAIM
### 42 U.S.C. § 1983 – Fourteenth Amendment
### (Defendant McBride)

46.     Plaintiff re-alleges and incorporates by reference the claims, facts and allegations in the paragraphs above as if fully set forth here.

47.     The Fourteenth Amendment protects a parent's liberty interest in the companionship and familial society of children, including adult children.  Parents have a cause of action under the Fourteenth Amendment for the wrongful death of a child, including an adult child as the result of culpable conduct of individuals acting under color of State law.

48.     A prison official violates the rights protected under the Fourteenth Amendment when the official's acts and omissions shock the conscience and were the direct and legal cause of a child's death and the resulting deprivation of the parent's constitutionally protected rights.

49.     As set forth in paragraphs 25-33, 37, and 28, Defendant McBride's acts and omissions reflect deliberate indifference to Travis' safety in the context of events that led up to Travis' death.  Defendant McBride had the ample opportunity to deliberate what action to take

-10-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

regarding Travis' condition when Defendant McBride first saw Travis at 6:00PM. Unconscionably, Defendant McBride chose to On December 12, 2018, at approximately 6:00PM, Defendant McBride knew that Travis was in distress and at substantial risk of serious harm. He took no steps to abate any risk to Travis, including but not limited to:

a.     failing to immediately investigate Travis' condition during his walk at approximately 6:00PM;

b.     allowing inmates that he knew were trying to cover up drug use to dictate that he not call an ICS;

c.     failing to immediately obtain medical treatment for Travis at approximately 6:00PM;

d.     failing to walk at least a second time between 6:00PM and 9:00PM or return to specifically check on Travis;

e.     failing to respond to the inmates' attempts to summon him to Travis' cell at approximately 9:00PM; and

f.     failing to provide any emergency aid to Travis, including CPR, upon arrival at Travis' cell at 9:00PM.

50.  Defendant knowingly and intentionally violated Ms. Williams protected parental interests under the Fourteenth Amendment.

## III.  DAMAGES

As a consequence of the wrongful death of her son under Arizona law and Defendants' violation of her federal civil rights under the Fourteenth Amendments, Ms. Williams, suffered each and all of the following:

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-11-

a.      The loss of Travis' love, affection, and companionship since Travis' death and in the future for as long as Ms. Williams lives;

b.      Pain, grief, sorrow, anguish, stress, shock, and mental suffering since Travis' death, and for as long as Ms. Williams lives; and

c.      Expenses for funeral and burial expenses, and expenses for health care services for herself.

WHEREFORE, Plaintiff respectfully requests that this Court grant her judgment against the Defendants as follows:

a. Fair and reasonable compensatory damages, including general, special, economic and non-economic damages as permitted under state and federal law;

b. Punitive damages against the individual defendants as permitted under 42 U.S.C. § 1983;

c. Attorney fees as provided in 42 U.S.C. § 1988;

d. Plaintiff's costs incurred in pursuing this action for her losses as the result of her son's death; and

e. Such other relief as a jury and the Court deems appropriate.

RESPECTFULLY SUBMITTED on December 11, 2020.

**THE GIESZL FIRM**

By */s/Holly R. Gieszl*
Holly R. Gieszl
*Counsel for Plaintiff*

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-12-

●                                          ●

FILED
Gary Harrison
CLERK, SUPERIOR COURT

1/22/2021 2:12:50 PM

BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20196156
HON. LESLIE MILLER

1   Mark Brnovich
    Attorney General
2
    Roger W. Hall, No. 013727
3   Assistant Attorney General
    2005 N. Central Avenue
4   Phoenix, Arizona 85004
    Telephone: (602) 542-7620
5   Fax:  (602) 542-7670
    DefensePhx@azag.gov
6   Roger.Hall@azag.gov
7   *Attorneys for Defendants State of Arizona,*        CV 2021-010828
    *McBride, Monson, and Ryan*
8
9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10                  IN AND FOR THE COUNTY OF PIMA
11
    CHARLENE WILLIAMS, surviving         Case No:  C20196156
12  mother of TRAVIS WATSON, deceased,
                                         **DEFENDANT STATE OF ARIZONA'S**
13                  Plaintiff,           **DEMAND FOR CHANGE OF VENUE**
                                         **PURSUANT TO A.R.S. § 12-822(B)**
14  v.
                                         (Hon. Leslie Miller)
15  STATE OF ARIZONA, a body politic;
    CHARLES RYAN; COII WESLEY
16  MCBRIDE; DEPUTY WARDEN JASON
    MUNSON, individually; ASSOCIATE
17  DEPUTY WARDEN LARRY GARNER;
    WARDEN JULI ROBERTS; JOHN DOES
18  1-10; JANE DOES 1-10,
19                  Defendants.
20
21       Defendant State of Arizona ("Defendant State") by and through the undersigned
22  assistant attorney general, files its written demand that the venue of this action be changed
23  from Pima County to Maricopa County pursuant to A.R.S. § 12-822(B), which provides:
24           In an action against this state **upon written demand of the**
             **attorney general,** made at or before the time of answering,
25           served upon the opposing party and filed with the court
             where the action is pending, **the place of trial of any such**
26           **action shall be changed** to Maricopa County.  (Emphasis
             added.)
27
28

1   The State's request to change venue to Maricopa County is mandatory and the trial court

2   does not have discretion to deny it. *State v. Superior Court,* 120 Ariz. 273, 585 P.2d 882

3   (1978).

4          Accordingly, Defendant State requests this Court enter an order transferring this

5   action to the Maricopa County Superior Court.

6          A proposed Order is attached herewith.

7          RESPECTFULLY SUBMITTED this 22nd day of January, 2021.

8                                          MARK BRNOVICH
                                           Attorney General
9

10                                         /s/Roger W. Hall
                                           Roger W. Hall
11                                         Assistant Attorney General
                                           *Attorneys for Defendants State of Arizona,*
12                                         *McBride, Monson, and Ryan*

13

14

15  Filed via AZTurboCourt.com this 22nd
    day of January, 2021, and
16  E-Served this same date, to:

17  Holly Gieszl, Esq.
18  THE GIESZL FIRM
    3200 North Central Avenue, Suite 1500
19  Phoenix, Arizona  85012
    holly@gieszlfirm.com
20  *Attorney for Plaintiff*

21  /s / D. Mari
    AGO Secretary
22  #9165776

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

| | |
|---|---|
| CHARLENE WILLIAMS, surviving mother of TRAVIS WATSON, deceased, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ARIZONA, a body politic; CHARLES RYAN; COII WESLEY MCBRIDE; DEPUTY WARDEN JASON MUNSON, individually; ASSOCIATE DEPUTY WARDEN LARRY GARNER; WARDEN JULI ROBERTS; JOHN DOES 1-10; JANE DOES 1-10, <br><br> Defendants. | Case No: C20196156 <br><br> **(proposed) Order** <br><br> (Hon. Leslie Miller) |

19     This Court having received and reviewed Defendant State of Arizona's Demand for

20 Change of Venue, and good cause appearing,

21     IT IS ORDERED that the venue of this case be changed to Maricopa County from

22 Pima County and the Clerk is directed to transfer the file.

23     DATED this _____ day of _____, 2021.

24

25

26                                         _____
                                          Judge of the Superior Court

27

28  9166239

FILED
Gary Harrison
CLERK, SUPERIOR COURT

3/9/2021 5:17:12 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. JEFFREY L SKLAR

Person/Attorney Filing: HOLLY R GIESZL
Mailing Address: 3200 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)277-0772
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ
Attorney E-Mail Address: holly@gieszlfirm.com

CV 2021 - 010828

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Case No. **C20196156**

**PRAECIPE**

To The Clerk:

Please issue:

[X] Summons

12/30/2016 ver. 1

1

Person/Attorney Filing: HOLLY R GIESZL
Mailing Address: 3200 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)277-0772
E-Mail Address: holly@gieszlfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 013845, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

**CV2021-010828**

CHARLENE WILLIAMS
Plaintiff(s),
v.
WESLEY MCBRIDE, et al.
Defendant(s).

Case No.  C20196156

**SUMMONS**

HON. JEFFREY L SKLAR

To: Wesley McBride

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress
   Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  PIMA



SIGNED AND SEALED This Date: 3/10/2021

Gary Harrison
Clerk of the Superior Court

By:    ALAN WALKER /s/
_____
         Deputy Clerk

AZturboCourt.gov Form Set 85499921

2

FILED
Gary Harrison
CLERK, SUPERIOR COURT

3/25/2021 3:34:33 PM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20196156
HON. JEFFREY L SKLAR

1  **THE GIESZL FIRM**
   3200 North Central Avenue
2  Suite 1500
   Phoenix, Arizona 85012
3  Phone: 602-277-0772
   Fax: 602-704-2052
4
   Holly R. Gieszl (013845)
5  PAN #92090
   Attorney for Plaintiff
6

CV2021-010828

7          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8                IN AND FOR THE COUNTY OF PIMA
9
   CHARLENE WILLIAMS, surviving        | Case No:  C20196156
10 mother of TRAVIS WATSON, deceased,  |
                                        | **NOTICE OF AGREEMENT TO**
11                    Plaintiff,        | **TRANSFER CASE TO MARICOPA**
                                        | **COUNTY**
12 v.                                   |
                                        | (Hon. Jeffrey Sklar)
13 STATE OF ARIZONA, a body politic;   |
   CHARLES RYAN; COII WESLEY           | Division 25
14 MCBRIDE; DEPUTY WARDEN JASON        |
   MUNSON, individually; ASSOCIATE     |
15 DEPUTY WARDEN LARRY GARNER;         |
   WARDEN JULI ROBERTS; JOHN DOES      |
16 1-10; JANE DOES 1-10,               |
17                    Defendants.      |
18

19          By and through counsel undersigned, Plaintiff requests that the Court sign the

20 Proposed Order for Demand for Change of Venue entered by the State to transfer this case

21 to Maricopa County.
22

23          Respectfully submitted on March 25, 2021.

24                                      **THE GIESZL FIRM**
25
                                        */s/Holly R. Gieszl*
26                                      Holly R. Gieszl (013845)
                                        PAN #92090
27                                      Counsel for Plaintiff
28

1

2   Electronic original of the foregoing e-
    filed via AZTurboCourt on March
3   25, 2021 and e-served this same date
    to:

4   Roger W. Hall
5   Assistant Attorney General
    Arizona Attorney General's Office
6   2005 North Central Avenue
    Phoenix, Arizona 85004
7   roger.hall@azag.gov

8
    By: /s/Mary J. Golonka
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
3/29/2021 1:56:04 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. JEFFREY L SKLAR

CASE NO.    C20196156

DATE:    March 29, 2021

CHARLENE WILLIAMS
    Plaintiff

VS.

THE STATE OF ARIZONA,
WESLEY MCBRIDE,
JASON MUNSON,
LARRY GARNER,
JULI ROBERTS,  and
CHARLES RYAN
    Defendants

CV2021-010828

---

## O R D E R

**IN CHAMBERS RE: DEFENDANT STATE OF ARIZONA'S DEMAND FOR CHANGE OF VENUE**

The Court has before it the State's Demand for Change of Venue to Maricopa County and

Plaintiff's Notice of Agreement to Transfer Case to Maricopa County. The Attorney General demands,

pursuant to A.R.S. §12-822, that this action be transferred to Maricopa County because the State is a

defendant. Plaintiff has consented, and this Court lacks discretion to deny the State's demand.

Accordingly,

**IT IS ORDERED** that, pursuant to A.R.S. §12-822, this matter is transferred to Maricopa

County Superior Court.  In accordance with A.R.S. § 12-407(B), the Clerk of the Court of Pima County

Superior Court shall transmit the papers from this action to the Clerk of the Court of

Maricopa County Superior Court.  Pursuant to A.R.S. § 12-407(E), Defendants shall pay the transmittal fee

established pursuant to A.R.S. §12-284(A) within twenty (20) days of the date of this order.  Additionally,

Defendants shall pay, within thirty (30) days from the date the new court receives the file, to the Clerk of the

Court of Maricopa County, the fee required upon filing of a complaint, pursuant to A.R.S. § 12-407(C).

_____Andrea Munguia_____
Judicial Administrative Assistant

**ORDER**

Date: March 29, 2021                    Case No.:   C20196156

cc:     Holly R Gieszl, Esq.
        Roger W. Hall, Esq.
        Charles Ryan
        Jason Munson
        Juli Roberts
        Larry Garner
        Wesley McBride
        Attorney General - Criminal - Phoenix
        Case Management Services - Civil
        Clerk of Court - Civil Unit
        Clerk of Court - Legal Records Unit

                                              _____Andrea Munguia_____
                                              Judicial Administrative Assistant

*Office of the Clerk of the Superior Court*
*Pima County*

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

Pima County Superior Court Building
110 West Congress , Rm 131A
Tucson, Arizona 85701-1317

21 JUN 30   PM 3: 30

Gary L. Harrison
Clerk of the Superior Court

Civil Unit MAY, DEPUTY CLERK
Tel.: (520) 724-3210
Fax: (520) 724-3531

CHARLENE WILLIAMS,              )
           Plaintiff,          )
                               )
vs.                            )        Case No. C20196156
                               )
THE STATE OF ARIZONA ET AL,              )
                               )
           Defendant.          )
_____)

**CV2021-010828**

## CLERK'S CERTIFICATE OF PAPERS ON CHANGE OF VENUE

I, Gary L. Harrison, Clerk of the Superior Court of the State of Arizona, in and for the County of Pima, do hereby certify that the following papers constitutes the entire file in the above-entitled action, entered by court order on March 29, 2021, on change of venue, viz:

1. ENTIRE FILE

WITNESS my hand and seal of this court affixed this date of June 30, 2021.

GARY L. HARRISON
Clerk of the Superior Court

Stephanie May, Deputy Clerk



# Arizona Superior Court in Pima County
# C20196156 Case Documents

**Report date/time: 6/29/21 08:40 AM**



| Date | Doc Type | Document Sub Type | Caption |
|------|----------|-------------------|---------|
| 3/29/2021 | Order | Order To Transfer/Change Of Venue | IN CHAMBERS RE: DEFENDANT STATE OF ARIZONA'S DEMAND FOR CHANGE OF VENUE |
| 3/25/2021 | Notice | Notice | Notice of Agreement to Transfer Case to Maricopa County |
| 3/9/2021 | Summons | Summons/Subpoena | Summons |
| 3/9/2021 | Praecipe | Praecipe | Praecipe |
| 1/22/2021 | Misc | Exhibits | Proposed Order |
| 1/22/2021 | Motion | Motion For Change Of Venue | Defendant State of Arizona's Demand for Change of Venue Pursuant to A.R.S. ? 12-822(B) |
| 12/11/2020 | Misc | Complaint/Brief | First Amended Complaint |
| 11/16/2020 | CourtNotice | Dismissal Calendar Notice | DISMISSAL CALENDAR NOTICE |
| 3/27/2020 | Order | CMS Order Of Dismissal | CMS ORDER OF DISMISSAL |
| 3/16/2020 | Affidavit | Affidavit Of Service | AFFIDAVIT OF SERVICE |
| 3/16/2020 | Affidavit | Affidavit Of Service | AFFIDAVIT OF SERVICE |
| 3/16/2020 | Affidavit | Affidavit Of Service | AFFIDAVIT OF SERVICE |
| 3/12/2020 | Affidavit | Affidavit Of Service | AFFIDAVIT OF SERVICE |
| 3/12/2020 | Affidavit | Affidavit Of Service | AFFIDAVIT OF SERVICE |
| 3/12/2020 | Affidavit | Affidavit Of Service/Non-Service | NON-SERVICE AFFIDAVIT |
| 3/10/2020 | Summons | Summons/Subpoena | Summons |
| 3/10/2020 | Praecipe | Praecipe | Praecipe |
| 2/18/2020 | CourtNotice | Notice Of Impending Dismissal | NOTICE OF IMPENDING DISMISSAL |
| 12/11/2019 | Summons | Summons/Subpoena | Summons |
| 12/11/2019 | Summons | Summons/Subpoena | Summons |
| 12/11/2019 | Summons | Summons/Subpoena | Summons |
| 12/11/2019 | Summons | Summons/Subpoena | Summons |
| 12/11/2019 | Summons | Summons/Subpoena | Summons |
| 12/11/2019 | Arbitration | Fastar Certificate | FASTAR Certificate |
| 12/11/2019 | Misc | Documents/Records Filed | Civil Cover Sheet |
| 12/11/2019 | Open | Petition & Complaint | COMPLAINT |
| 12/11/2019 | Receipt | All Money Receipts | All Money Receipts 3177275 |

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON. DEP

### *Office of the Clerk of the Superior Court*
### *Pima County*

**20?!! JUL -8  PM 2: 15**

Pima County Superior Court Building
110 West Congress
Tucson, Arizona 85701-1317

Gary L. Harrison
Clerk of the Superior Court

Civil Unit
Tel.: (520) 724-3210
Fax: (520) 724-3531

June 30, 2021

JEFF FINE
CLERK OF THE SUPERIOR COURT
MARICOPA COUNTY
201 W JEFFERSON
PHOENIX AZ 85003

Re: Case No. C20196156

**CV2021-010828**

CHARLENE WILLIAMS VS. THE STATE OF ARIZONA ET AL.

Dear Mr. Fine:

Enclosed are the papers filed in the above-entitled action. These are forwarded to you by Minute
Entry of the Court, made and entered on March 29, 2021, on motion for change of venue.
Please be advised that the transfer fee has been paid in Pima County.

Very truly yours,

GARY L. HARRISON
Clerk of the Superior Court

Stephanie May, Deputy Clerk
Change of Venue Desk

Charlene Williams
Holly R Gieszl, Esq.
Charles Ryan
Jason Munson
Juli Roberts
Larry Garner
Wesley McBride

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON, DEP

**Office of the Clerk of the Superior Court**
**Pima County**

2021 JUL -8 PM 2: 15

Pima County Superior Court Building
110 West Congress
Tucson, Arizona 85701-1317

Gary L. Harrison
Clerk of the Superior Court

Civil Unit
Tel.: (520) 724-3210
Fax: (520) 724-3531

June 30, 2021

JEFF FINE
CLERK OF THE SUPERIOR COURT
MARICOPA COUNTY
201 W JEFFERSON
PHOENIX AZ 85003

CV2021-010828

Re: Case No. C20196156

CHARLENE WILLIAMS vs. THE STATE OF ARIZONA ET AL.

Dear Mr. Fine:

Enclosed please find all documents filed in the above-entitled action, being forwarded to you on change of venue.

Please sign the enclosed receipt and return to this office.

Very truly yours,

GARY L. HARRISON
Clerk of the Superior Court

Stephanie May, Deputy Clerk
Change of Venue Desk

Signed: _____

Date: _____JUL - 8 2021_____

```
                                    JEFF FINE
                              Clerk of the Superior Court
                                  By Kim Whitson, Deputy
                              Date 07/08/2021 Time 14:16:23
CLERK OF THE COURT        Description                Amount
                                  CASE# CV2021-010828
SUPERIOR COURT OF ARIZONA CV CHG VENUE IN            333.00 W

        Maricopa County      TOTAL AMOUNT              0.00
        201 W Jefferson          Receipt# 28339149
     Phoenix, Arizona 85003
(602) 372-5375 / TDD (602) 506-3211
```

CHARLENE WILLIAMS
        Plaintiff

Vs

STATE OF ARIZONA ET AL
        Defendant

CV2021-010828

NOTICE OF FILING
CHANGE OF VENUE

The Pima County Superior Court case C20196156 has been transferred to Maricopa County Superior Court and filing fee having been paid has been assigned the above case number.

Pursuant to Supreme Court Administrative Order 2006-96, Change of Venues received in Maricopa County from other counties after January 1, 2007 will become part of the Electronic Record Pilot Project and the paper documents will be subject to disposal after replacement with electronically maintained images. This includes all documents except those that are exempt from the pilot project pending further order of the Supreme Court.

If you have any questions, please either write to the above address, Attention:  Civil Notice Desk – CCB/CV or call (602) 372-5375. Contact via a Telecommunications Device for the Deaf (TDD) is available by calling (602) 506-3211.

Clerk of the Superior Court

Dated: 7/8/2021

By
Deputy Clerk

THE GIESZL FIRM
3200 N CENTRAL AVE STE 1500
PHOENIX AZ 85012

ROGER W HALL
2005 N CENTRAL AVE
PHOENIX AZ 85004